IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DORIS BUFORD,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | **CIVIL ACTION NO. _____** |
| **WALMART INC., WIN-HOLT,** | § | |
| **CANNON EQUIPMENT, AND** | § | |
| **NATIONAL CART CO.,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## INDEX OF STATE COURT PLEADINGS AND FILING DATES

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 355th Judicial District Court, Hood Court, Texas, Cause Number C2024125 | 5/20/2024 |
| 2. | Plaintiff's Original Petition | 04/17/2024 |
| 3. | Return of Service for Wal-Mart Stores Texas, LLC | 04/26/2024 |
| 4. | Return of Service for Cannon Equipment | 05/08/2024 |
| 5. | Return of Service for National Cart Co. | 05/16/2024 |
| 6. | Return of Service for Win-Holt | 04/26/2024 |
| 7. | Original Answer of Wal-Mart Stores Texas, LLC | 05/16/2024 |
| 8. | Original Answer of Win-Holt | 05/17/2024 |
| 9. | Original Answer of Cannon Equipment | 05/17/2024 |

# TAB NO. 1

Case 4:24-cv-00474-O    Document 1-3    Filed 05/22/24    Page 3 of 43    PageID 17

Skip to Main Content   Logout  My Account   Search Menu  New Civil Search  Refine Search  Back                          Location : All Courts    Help

# REGISTER OF ACTIONS
## CASE NO. C2024120

| | | |
|---|---|---|
| **DORIS BUFORD VS. WAL-MART STORES TEXAS, LLC, WALMART INC., WIN-HOLT, CANNON EQUIPTMENT, AND NATIONAL CART CO.** | § § § § § | Case Type: **Injury/Damage - Other Injury or Damage**<br>Date Filed: **04/17/2024**<br>Location: **355th Court** |

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | **Cannon Equipment** | | **BARRY L. HARDIN**<br>*Retained*<br>214-979-7400(W) |
| Defendant | **National Cart Co.** | | **Pro Se** |
| Defendant | **Wal-Mart Stores Texas, LLC** | | **DEREK S DAVIS**<br>*Retained*<br>214-712-9500(W) |
| Defendant | **Walmart Inc.** | | **Pro Se** |
| Defendant | **Win-Holt** | | **CARRIE L. GARCIA SANDERS**<br>*Retained*<br>214-721-6245(W) |
| Plaintiff | **Buford, Doris** | | **ROLANDO DE LA GARZA**<br>*Retained*<br>682-738-4691(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 04/17/2024 | **Original Petition (OCA)** | | |
| 04/17/2024 | **JUDICIAL DOCKET SHEET** | | |
| 04/19/2024 | **Jury Fee Paid** | | |
| 04/19/2024 | **Citation** | | |
| 04/19/2024 | **Citation-Other** | | |
| | Wal-Mart Stores Texas, LLC | Served | 04/23/2024 |
| | | Returned | 04/26/2024 |
| | Walmart Inc. | Unserved | |
| | Win-Holt | Served | 04/25/2024 |
| | | Returned | 04/26/2024 |
| | Cannon Equipment | Served | 04/26/2024 |
| | | Returned | 05/08/2024 |
| | National Cart Co. | Served | 04/30/2024 |
| | | Returned | 05/16/2024 |
| 04/26/2024 | **Citation Service Date** | | |
| 04/26/2024 | **Citation Service Date** | | |
| 05/08/2024 | **Citation Service Date** | | |
| 05/16/2024 | **Original Answer** | | |
| 05/16/2024 | **Citation Service Date** | | |
| 05/17/2024 | **Original Answer** | | |
| 05/17/2024 | **Original Answer** | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Buford, Doris | | |
| | Total Financial Assessment | | 400.00 |
| | Total Payments and Credits | | 400.00 |
| | **Balance Due as of 05/20/2024** | | **0.00** |
| | | | |
| 04/19/2024 | Transaction Assessment | | 400.00 |
| 04/19/2024 | Efile Texas Payment | Receipt # 2024-201679 | Buford, Doris | (263.00) |
| 04/19/2024 | State Credit | | (137.00) |

# TAB NO. 2

Electronically Filed
4/17/2024 3:57 PM
District Clerk,
Hood County, Texas

CAUSE NO. C2024120 _____

| | | |
|---|---|---|
| DORIS BUFORD, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | HOOD COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART INC., WIN-HOLT, | § | |
| CANNON EQUIPMENT, AND | § | |
| NATIONAL CART CO., | § | |
| | § | |
| **Defendants.** | § | 355TH _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Doris Buford ("Plaintiff") files this Original Petition complaining of Defendants Wal-Mart Stores Texas, LLC, Walmart Inc., Win-Holt, Cannon Equipment, and National Cart Co. ("Defendants").

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

### III. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $1,000,000. The amount of monetary relief

actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. <u>PARTIES</u>

Plaintiff Doris Buford is an individual resident of Granbury, Hood County, Texas. Her social security number is \*\*\*-\*\*-\*564.

Defendant Wal-Mart Stores Texas, LLC is a Delaware Corporation whose registered agent for service of legal process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of suit to Defendant can be effected via certified mail, return receipt requested, upon its registered agent CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

Defendant Walmart Inc. is a Delaware Corporation whose registered agent for service of legal process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of suit to Defendant can be effected via certified mail, return receipt requested, upon its registered agent CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

Defendant, Win-Holt, in its assumed or common name, existing at 20 Crossways Park Drive North # 205, Woodbury, NY 11797, may be served at principal place of business.

Defendant, Cannon Equipment, in its assumed or common name, existing at 324 Washington Street West, Cannon Falls, MN 55009, may be served at principal place of business.

Defendant, National Cart Co., in its assumed or common name, existing at 3125 Boschertown Road, St. Charles, MO 63301, may be served at principal place of business.

## V. ASSUMED NAMES, AGENTS, AND EMPLOYEES

In the event any parties are misnamed or are not included herein, Plaintiff contends that such was "misidentification, misnomer," and/or such parties are/were "alter egos" of parties named herein.

Whenever alleged in this Petition that any non-natural Defendants did or failed to do any act or thing, it is meant that such Defendants' directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendants' control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendants and/or was done in the normal and routine course and scope of employment or agency of such Defendants' directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendants' control making that Defendants responsible and liable for all such conduct. Plaintiff invokes the doctrine of *respondeat superior*.

## VI.    JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Hood County, Texas. Venue therefore is proper in Hood County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## VII. FACTS

This lawsuit arises out of an incident that occurred on or about October 17, 2023 at Walmart Supercenter located on 735 East US Hwy 377, Granbury, Texas 76048, Hood County, Texas.

Plaintiff Doris Buford was in the checkout area of Walmart Supercenter when a store employee who was pushing an Online Grocery Pickup Cart failed to stop in time and hit the Plaintiff's ankle and back. She was in immediate pain. As a result of the incident, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VIII. CAUSES OF ACTION

### A.    NEGLIGENCE (NEGLIGENT ACTIVITY)

At the time of The Incident, Defendants Wal-Mart Stores Texas, LLC, Walmart Inc., Win-Holt, Cannon Equipment, and National Cart Co. were negligent in one or more of the following particulars:

a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
b. In failing to timely stop the equipment in order to avoid the collision in question;
c. Pushing the equipment at a rate of speed which was greater than that which an ordinarily prudent person would have under the same or similar circumstances;
d. In failing train how to handle equipment properly;
e. In failing to maintain equipment in a safe condition;
f. In following the customer too closely;
g. In failing to take proper evasive action;
h. In not instituting a operation policy on how to handle shopping carts.
i. In failing to follow operation procedure on how to handle shopping carts.
j. In failing to keep the equipment from hitting the Plaintiff.

Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence which proximately caused The Collision and Plaintiff's injuries and damages.

### B.    GROSS NEGLIGENCE

Plaintiff would show the Court that the conduct of Defendants Wal-Mart Stores Texas, LLC, Walmart Inc., Win-Holt, Cannon Equipment, and National Cart Co. described

herein, when viewed objectively from the Defendants' point of view at the time it occurred, involved an extreme degree of risk in light of the probability and magnitude of the potential harm to others and that Defendants nonetheless persisted in conscious indifference to the rights of others despite actual, subjective awareness of the risk of harm. As a result, the Court should impose damages sufficient to deter such conduct in the future. Specifically, Defendants Wal-Mart Stores Texas, LLC, Walmart Inc., Win-Holt, Cannon Equipment, and National Cart Co.'s purchase and continued use, of an online grocery pickup cart model (hereinafter "OGP cart") with an exposed, sharp metal edges at ankle-level, and no other preventative safety measures, on the store floor with heavy shopping traffic.

## IX.  DAMAGES

As a proximate result of Defendants' negligence and/or premises liability, Plaintiff suffered personal injuries.  As a result of Plaintiff's injuries, Plaintiff suffered and seeks the following damages:

a.   Medical expenses: Plaintiff incurred bodily injuries which were caused by the collision and Plaintiff incurred medical expenses for treatment of such injuries. Plaintiff believes that, in reasonable medical probability such injuries will require the need for future medical care;

b.   Loss of earning capacity: Plaintiff lost wages as a result of the personal injuries sustained in the collision. Plaintiff reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future;

c.   Physical pain: Plaintiff endured physical pain as a result of the personal injuries sustained in the collision and reasonably anticipates such pain will continue in the future;

d.   Mental anguish: Plaintiff endured mental anguish as a result of the personal injuries sustained in the collision and reasonably anticipates such mental anguish will continue in the future;

e.   Disfigurement: Plaintiff endured disfigurement as a result of the personal injuries sustained in the collision and reasonably anticipates such will continue in the future; and

f.   Physical impairment: Plaintiff endured physical impairment as a result of the personal injuries sustained in the collision and reasonably anticipates such in the future.

**PLAINTIFF'S ORIGINAL PETITION - Page 5**

In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## X. AGGRAVATION

In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## XI. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## XII. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## XIII. RELIEF SOUGHT

As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants

be cited to appear and answer herein, that this cause be set for trial before a jury, and that

upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1.  Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;
2.  Plaintiff's future medical expenses;
3.  Plaintiff's lost wages in the past and loss of earning capacity in the future;
4.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;
5.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;
6.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;
7.  Plaintiff's disfigurement;
8.  Interest on the judgment at the legal rate from the date of judgment;
9.  Pre-judgment interest on Plaintiff's damages as allowed by law;
10. Exemplary damages;
11. All costs of court; and
12. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE CAIN LAW FIRM, PC**

BY:    */s/ Rolando de la Garza*
       **ROLANDO DE LA GARZA**
       State Bar No. 24097579
       E-Mail: Rolando@cainfirm.com
       **W. BRETT CAIN**
       State Bar No. 24048379
       E-Mail: Brett@cainfirm.com
       301 Commerce St., Ste. 2395
       Ft. Worth, Texas 76102
       Telephone: (817) 577-7777
       Facsimile: (817) 573-4848
       E-Service: eservice@cainfirm.com

**ATTORNEYS FOR PLAINTIFF**

# TAB NO. 3

Electronically Filed
4/26/2024 4:10 PM
District Clerk
Hood County, Texas

## CAUSE NO. <u>C2024120</u>

| | | |
|---|---|---|
| **DORIS BUFORD,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **vs.** | § | **355TH JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| **WALMART INC., WIN-HOLT, CANNON** | § | |
| **EQUIPMENT, AND NATIONAL CART CO.,** | § | |
| **Defendant(s).** | § | **HOOD COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Tuesday, April 23, 2024 at 1:25 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
at **2:30 PM, on Tuesday, April 23, 2024,** by delivering to the within named:

### WAL-MART STORES TEXAS, LLC

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by delivering to its **Authorized Employee, GEORGE MARTINEZ**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

**My name is Tracy Edwards, my date of birth is September 15, 1963 and my business address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.**

Executed in Dallas County, State of Texas, on Tuesday, April 23, 2024

**By:** _____

**Tracy Edwards - PSC 1872 - Exp 03/31/26**
**served@specialdelivery.com**

THE STATE OF TEXAS

TO:    WAL-MART STORES TEXAS, LLC
       REGISTERED AGENT: CT CORPORATION SYSTEM
       1999 BRYAN STREET, SUITE 900
       DALLAS TX 75201

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION WITH THE DISTRICT CLERK, WHO IS THE CLERK FOR THE 355TH JUDICIAL DISTRICT COURT IN AND FOR HOOD COUNTY, LOCATED IN THE HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST., CITY OF GRANBURY, TEXAS.
NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG
THIS SUIT IS NUMBERED C2024120, AND WAS FILED IN THE 355TH JUDICIAL DISTRICT COURT ON 04/17/2024 AND IS STYLED:

DORIS BUFORD                                                           PLAINTIFF
       VS.
WAL-MART STORES TEXAS, LLC; WALMART INC.; WIN-HOLT; CANNON          DEFENDANT
EQUIPMENT; NATIONAL CART CO.

WHO ARE THE PARTIES IN THIS SUIT, AND THE NATURE OF THE SUIT IS SHOWN IN THE COPY OF THE PLAINTIFF'S PETITION, ATTACHED HERETO.

NAME & ADDRESS OF PLANTIFF'S ATTORNEY          WITNESS: ROBERTA ZAMARRON

ROLANDO DE LA GARZA                            CLERK OF THE DISTRICT COURT,
THE CAIN LAW FIRM PC                           HOOD COUNTY, TEXAS.
301 COMMERCE ST STE 2395                       ISSUED AND GIVEN UNDER MY HAND
FT WORTH TX 76102                              AND SEAL OF SAID COURT, AT
                                               OFFICE IN GRANBURY, TEXAS, THIS
ROBERTA ZAMARRON                               APRIL 19, 2024
DISTRICT CLERK
RALPH H. WALTON, JR. JUSTICE CENTER,
1200 W. PEARL ST.
GRANBURY, TEXAS 76048
                                               BY: _____
**********************************************************************************************

OFFICER'S OR AUTHORIZED PERSON'S RETURN
RECEIVED THIS CITATION ON THE _____ DAY OF _____, 2024, AT _____ O'CLOCK ___.M. AND EXECUTED AT _____ WITHIN THE COUNTY OF _____, STATE OF _____ ON THE _____ DAY OF _____,2024 AT _____ O'CLOCK _____.M. BY DELIVERING TO THE WITHIN NAMED_____ A TRUE COPY THIS CITATION TOGETHER WITH THE ACCOMPANYING COPY OF THE PLAINTIFFS PETITION, HAVING FIRST ENDORSED ON SAME THE DATE OF DELIVERY. THE METHOD OF SERVICE WAS _____ THE UNDERSIGNED UPON OATH SAYS THAT HE/SHE IS A DISINTERESTED PERSON AND THAT HE/SHE IS OVER THE AGE OF 18 YEARS.
FEE $_____

                                               _____
                                               SHERIFF/CONSTABLE/AUTHORIZED PERSON
                                               _____ COUNTY, TEXAS
                                               BY_____DEPUTY
(MUST BE VERIFIED IF SERVED OUTSIDE THE STATE OF TEXAS OR SERVED BY A PERSON AUTHORIZED BY THE COURT.)
STATE OF _____ COUNTY OF _____    SIGNED AND SWORN TO BY THE SAID
_____       BEFORE ME ON THIS THE _____ DAY OF
_____, 2024.                        _____

                                               NOTARY PUBLIC_____
                                               COMMISSION EXPIRES: _____
(SEAL)    RETURN / AFFIDAVIT                    PRINTED NAME _____
          PROOF / ATTACHED

Copy from re:SearchTX

# TAB NO. 4

Electronically Filed
5/8/2024 4:21 PM
District Clerk
Hood County, Texas

CAUSE NO. <u>C2024120</u>

| | | |
|---|---|---|
| DORIS BUFORD, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| *vs.* | § | 355TH JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART INC., WIN-HOLT, CANNON | § | |
| EQUIPMENT, AND NATIONAL CART CO., | § | |
| | § | HOOD COUNTY, TEXAS |
| *Defendants.* | § | |

## RETURN OF SERVICE

Came to my hand on **Wednesday, April 24, 2024 at 6:17 PM,**
Executed at: **324 WASHINGTON STREET WEST, CANNON FALLS, MN 55009**
at **1:12 PM, on Friday, April 26, 2024,** by delivering to the within named:

### CANNON EQUIPMENT

by personally delivering to **Vice President - Finance, STEPHANIE ZANE**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared CHRIS F. MARTIN who after being duly sworn on oath states: "My name is CHRIS F. MARTIN. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of . I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
CHRIS F. MARTIN - Process Server of Minnesota
served@specialdelivery.com

Subscribed and Sworn to by CHRIS F. MARTIN, Before Me, the undersigned authority, on this
30 day of April, 2024.

KARLA M TERRY
Notary Public - Minnesota
My Commission Expires Jan 31, 2026

_____
**Notary Public in and for the State of Minnesota**

Copy from re:SearchTX

THE STATE OF TEXAS

TO:    CANNON EQUIPMENT
       324 WASHINGTON STREET WEST
       CANNON FALLS, MN 55009

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION WITH THE DISTRICT CLERK, WHO IS THE CLERK FOR THE 355TH JUDICIAL DISTRICT COURT IN AND FOR HOOD COUNTY, LOCATED IN THE HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST., CITY OF GRANBURY, TEXAS.
       NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG
       THIS SUIT IS NUMBERED C2024120, AND WAS FILED IN THE 355TH JUDICIAL DISTRICT COURT ON 04/17/2024 AND IS STYLED:

DORIS BUFORD                                                    PLAINTIFF
       VS.
WAL-MART STORES TEXAS, LLC; WALMART INC.; WIN-HOLT; CANNON       DEFENDANT
EQUIPMENT; NATIONAL CART CO.

WHO ARE THE PARTIES IN THIS SUIT, AND THE NATURE OF THE SUIT IS SHOWN IN THE COPY OF THE PLAINTIFF'S PETITION, ATTACHED HERETO.

NAME & ADDRESS OF PLANTIFF'S ATTORNEY         WITNESS: ROBERTA ZAMARRON

ROLANDO DE LA GARZA                           CLERK OF THE DISTRICT COURT,
THE CAIN LAW FIRM PC                          HOOD COUNTY, TEXAS.
301 COMMERCE ST STE 2395                      ISSUED AND GIVEN UNDER MY HAND
FT WORTH TX 76102                             AND SEAL OF SAID COURT, AT
                                              OFFICE IN GRANBURY, TEXAS, THIS
ROBERTA ZAMARRON                              APRIL 19, 2024
DISTRICT CLERK
RALPH H. WALTON, JR. JUSTICE CENTER,
1200 W. PEARL ST.
GRANBURY, TEXAS 76048
                                              BY: _Sarah A Roach_
**********************************************************************************************

OFFICER'S OR AUTHORIZED PERSON'S RETURN
       RECEIVED THIS CITATION ON THE _____ DAY OF _____, 2024, AT _____ O'CLOCK ___.M. AND EXECUTED AT _____ WITHIN THE COUNTY OF _____, STATE OF _____
ON THE _____DAY OF _____,2024 AT _____ O'CLOCK _____.M. BY DELIVERING TO THE WITHIN NAMED_____ A TRUE COPY THIS CITATION TOGETHER WITH THE ACCOMPANYING COPY OF THE PLAINTIFFS PETITION, HAVING FIRST ENDORSED ON SAME THE DATE OF DELIVERY. THE METHOD OF SERVICE WAS _____ THE UNDERSIGNED UPON OATH SAYS THAT HE/SHE IS A DISINTERESTED PERSON AND THAT HE/SHE IS OVER THE AGE OF 18 YEARS.
FEE $_____
                                              _____
                                              SHERIFF/CONSTABLE/AUTHORIZED PERSON
                                              _____ COUNTY, TEXAS
                                              BY_____ DEPUTY
(MUST BE VERIFIED IF SERVED OUTSIDE THE STATE OF TEXAS OR SERVED BY A PERSON AUTHORIZED BY THE COURT.)
STATE OF _____ COUNTY OF _____    SIGNED AND SWORN TO BY THE SAID
_____    BEFORE ME ON THIS THE _____ DAY OF
_____, 2024.
                                              NOTARY PUBLIC_____
                                              COMMISSION EXPIRES: _____
(SEAL)                                        PRINTED NAME _____

RETURN / AFFIDAVIT
PROOF / ATTACHED

Copy from re:SearchTX

# TAB NO. 5

Electronically Filed
5/16/2024 5:04 PM
District Clerk
Hood County, Texas

## CAUSE NO. <u>C2024120</u>

| | | |
|---|---|---|
| **DORIS BUFORD,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **355TH JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| **WALMART INC., WIN-HOLT, CANNON** | § | |
| **EQUIPMENT, AND NATIONAL CART CO.,** | § | **HOOD COUNTY, TEXAS** |
| | § | |
| *Defendants.* | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Tuesday, April 23, 2024 at 1:47 PM.**
Executed at: **3125 BOSCHERTOWN ROAD, ST CHARLES, MO 63301**
at **9:00 AM,** on **Tuesday, April 30, 2024,** by delivering to the within named,

### NATIONAL CART CO.

by personally delivering to **Registered Agent, ROBERT H UNNERSTALL JR.**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared MARTIN HUECKEL who after being duly sworn on oath states: "My name is MARTIN HUECKEL. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Missouri. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**MARTIN HUECKEL**- Process Server of Missouri
served@specialdelivery.com

**Subscribed and Sworn to by MARTIN HUECKEL, Before Me, the undersigned authority, on this** _7_ **day of May, 2024.**

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**Notary Public in and for the State of Missouri**

Copy from re:SearchTX

THE STATE OF TEXAS

TO:   NATIONAL CART CO.
      3125 BOSCHERTOWN ROAD
      ST. CHARLES, MO 63301

     YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION WITH THE DISTRICT CLERK, WHO IS THE CLERK FOR THE 355TH JUDICIAL DISTRICT COURT IN AND FOR HOOD COUNTY, LOCATED IN THE HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST., CITY OF GRANBURY, TEXAS.
     NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG
     THIS SUIT IS NUMBERED C2024120, AND WAS FILED IN THE 355TH JUDICIAL DISTRICT COURT ON 04/17/2024 AND IS STYLED:

DORIS BUFORD                                                        PLAINTIFF
    VS.
WAL-MART STORES TEXAS, LLC; WALMART INC.; WIN-HOLT; CANNON        DEFENDANT
EQUIPMENT; NATIONAL CART CO.

WHO ARE THE PARTIES IN THIS SUIT, AND THE NATURE OF THE SUIT IS SHOWN IN THE COPY OF THE PLAINTIFF'S PETITION, ATTACHED HERETO.

NAME & ADDRESS OF PLANTIFF'S ATTORNEY          WITNESS: ROBERTA ZAMARRON

ROLANDO DE LA GARZA                            CLERK OF THE DISTRICT COURT,
THE CAIN LAW FIRM PC                           HOOD COUNTY, TEXAS.
301 COMMERCE ST STE 2395                       ISSUED AND GIVEN UNDER MY HAND
FT WORTH TX 76102                              AND SEAL OF SAID COURT, AT
                                               OFFICE IN GRANBURY, TEXAS, THIS
ROBERTA ZAMARRON                               APRIL 19, 2024
DISTRICT CLERK
RALPH H. WALTON, JR. JUSTICE CENTER,
1200 W. PEARL ST.
GRANBURY, TEXAS 76048                          BY: _Sarah A Roach_
**********************************************************************************

OFFICER'S OR AUTHORIZED PERSON'S RETURN
    RECEIVED THIS CITATION ON THE _____ DAY OF _____, 2024, AT _____ O'CLOCK ___.M. AND EXECUTED AT _____ WITHIN THE COUNTY OF _____, STATE OF _____ ON THE ____ DAY OF _____, 2024 AT _____ O'CLOCK _____.M. BY DELIVERING TO THE WITHIN NAMED_____ A TRUE COPY THIS CITATION TOGETHER WITH THE ACCOMPANYING COPY OF THE PLAINTIFFS PETITION, HAVING FIRST ENDORSED ON SAME THE DATE OF DELIVERY. THE METHOD OF SERVICE WAS _____ THE UNDERSIGNED UPON OATH SAYS THAT HE/SHE IS A DISINTERESTED PERSON AND THAT HE/SHE IS OVER THE AGE OF 18 YEARS.
FEE $_____

                    SHERIFF/CONSTABLE/AUTHORIZED PERSON
                    _____ COUNTY, TEXAS
                    BY_____ DEPUTY
(MUST BE VERIFIED IF SERVED OUTSIDE THE STATE OF TEXAS OR SERVED BY A PERSON AUTHORIZED BY THE COURT.)
STATE OF _____ COUNTY OF _____    SIGNED AND SWORN TO BY THE SAID _____ BEFORE ME ON THIS THE _____ DAY OF _____, 2024.

                    NOTARY PUBLIC_____
                    COMMISSION EXPIRES: _____
(SEAL)                    PRINTED NAME _____



Copy from re:SearchTX

# TAB NO. 6

Electronically Filed
4/26/2024 2:51 PM
District Clerk
Hood County, Texas

CAUSE NO. <u>C2024120</u>

| | | |
|---|---|---|
| DORIS BUFORD, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff(s), | § | |
| vs. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART INC., WIN-HOLT, CANNON | § | |
| EQUIPMENT, AND NATIONAL CART CO., | § | |
| | § | HOOD COUNTY, TEXAS |
| Defendant(s). | § | |

## RETURN OF SERVICE

Came to my hand on **Wednesday, April 24, 2024 at 9:12 AM,**
Executed at: **20 CROSSWAYS PARK DRIVE NORTH, #205, WOODBURY, NY 11797**
at **11:12 AM,** on **Thursday, April 25, 2024,** by delivering to the within named:

### WIN-HOLT

by personally delivering to **Manager, ROSE FRIERSON**

a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared RICHARD SCHULTZ who after being duly sworn on oath states: "My name is RICHARD SCHULTZ. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of New York. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By _____
    **RICHARD SCHULTZ – Process Server**

Subscribed and Sworn to by RICHARD SCHULTZ, Before Me, the undersigned authority, on this  2 6  day of April, 2024.

_____
**Notary Public in and for the State of New York**

GINA MARIE EANNUCCI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01EA5075334
Qualified in Nassau County
Commission Expires 3/31/2027

Copy from re:SearchTX

TO:  WIN-HOLT
     20 CROSSWAYS PARK DRIVE NORTH #205
     WOODBURY, NY  11797


       YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION WITH THE DISTRICT CLERK, WHO IS THE CLERK FOR THE 355TH JUDICIAL DISTRICT COURT IN AND FOR HOOD COUNTY, LOCATED IN THE HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST., CITY OF GRANBURY, TEXAS.
       NOTICE:  YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG
       THIS SUIT IS NUMBERED C2024120, AND WAS FILED IN THE 355TH JUDICIAL DISTRICT COURT ON  04/17/2024 AND IS STYLED:


       DORIS BUFORD                                                   PLAINTIFF
           VS.
       WAL-MART STORES TEXAS, LLC; WALMART INC.; WIN-HOLT; CANNON       DEFENDANT
       EQUIPMENT; NATIONAL CART CO.


WHO ARE THE PARTIES IN THIS SUIT, AND THE NATURE OF THE SUIT IS SHOWN IN THE COPY OF THE PLAINTIFF'S PETITION, ATTACHED HERETO.

| NAME & ADDRESS OF PLANTIFF'S ATTORNEY | WITNESS: ROBERTA ZAMARRON |
|---|---|
| ROLANDO DE LA GARZA | CLERK OF THE DISTRICT COURT, |
| THE CAIN LAW FIRM PC | HOOD COUNTY, TEXAS. |
| 301 COMMERCE ST STE 2395 | ISSUED AND GIVEN UNDER MY HAND |
| FT WORTH TX  76102 | AND SEAL OF SAID COURT, AT |
| | OFFICE IN GRANBURY, TEXAS, THIS |
| ROBERTA ZAMARRON | APRIL 19, 2024 |
| DISTRICT CLERK | |
| RALPH H. WALTON, JR. JUSTICE CENTER, | |
| 1200 W. PEARL ST. | |
| GRANBURY, TEXAS 76048 | BY: *Sarah A Roach* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OFFICER'S OR AUTHORIZED PERSON'S RETURN**

       RECEIVED THIS CITATION ON THE _____ DAY OF _____, 2024, AT _____O'CLOCK ___.M. AND EXECUTED AT _____ WITHIN THE COUNTY OF _____, STATE OF _____ ON THE _____DAY OF _____,2024 AT _____ O'CLOCK _____.M. BY DELIVERING TO THE WITHIN NAMED_____ A TRUE COPY THIS CITATION TOGETHER WITH THE ACCOMPANYING COPY OF THE PLAINTIFFS PETITION, HAVING FIRST ENDORSED ON SAME THE DATE OF DELIVERY. THE METHOD OF SERVICE WAS _____ THE UNDERSIGNED UPON OATH SAYS THAT HE/SHE IS A DISINTERESTED PERSON AND THAT HE/SHE IS OVER THE AGE OF 18 YEARS.
FEE $_____

                                         SHERIFF/CONSTABLE/AUTHORIZED PERSON
                                        _____ COUNTY, TEXAS
                                      BY_____DEPUTY
(MUST BE VERIFIED IF SERVED OUTSIDE THE STATE OF TEXAS OR SERVED BY A PERSON AUTHORIZED BY THE COURT.)
STATE OF _____ COUNTY OF _____ SIGNED AND SWORN TO BY THE SAID _____ BEFORE ME ON THIS THE _____ DAY OF _____, 2024.

                              NOTARY PUBLIC_____
                              COMMISSION EXPIRES: _____
(SEAl                      PRINTED NAME _____

RETURN / AFFIDAVIT
PROOF / ATTACHED

Copy from re

# TAB NO. 7

Electronically Filed
5/16/2024 10:51 AM
District Clerk
Hood County, Texas

CAUSE NO. C2024120

| | | |
|---|---|---|
| DORIS BUFORD, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| v. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | 355th JUDICIAL DISTRICT |
| WALMART INC., WIN-HOLT, | § | |
| CANNON EQUIPMENT, AND | § | |
| NATIONAL CART CO., | § | |
| | § | |
| DEFENDANTS. | § | HOOD COUNTY, TEXAS |

## DEFENDANT WAL-MART STORES TEXAS, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") (incorrectly named Walmart Inc.), Defendant in the above-styled and numbered cause, and files this Original Answer, and in support hereof would respectfully show unto the Court the following.

### I.
### GENERAL DENIAL

1.     Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

### II.
### AFFIRMATIVE DEFENSES

2.     Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id.*  Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against them based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner and employer would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13, and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

### III.
### NOTICE OF INTENT

17.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

### IV.
### DEMAND FOR JURY TRIAL

18.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: /s/ Derek S. Davis
   **DEREK S. DAVIS**
   Texas Bar No. 00793591
   Email: Derek.Davis@CooperScully.com
   **CLARISSA A. PRICE**
   Texas Bar No. 24082450
   Email: Clarissa.Price@cooperscully.com

   900 Jackson Street, Suite 100
   Dallas, Texas 75202
   Telephone: (214) 712-9500
   Facsimile: (214) 712-9540

   **ATTORNEYS FOR DEFENDANT**
   **WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May 2024, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service.

   /s/ Derek S. Davis
   **DEREK S. DAVIS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tiffany Riley on behalf of Clarissa Price
Bar No. 24082450
tiffany.riley@cooperscully.com
Envelope ID: 87810502
Filing Code Description: Answer/ Response
Filing Description: Walmart's Original Answer
Status as of 5/17/2024 2:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eservice Cain Firm | | eservice@cainfirm.com | 5/16/2024 10:51:41 AM | SENT |
| Monica Luna | | mluna@cainfirm.com | 5/16/2024 10:51:41 AM | SENT |
| Rolando De La Garza | | rolando@cainfirm.com | 5/16/2024 10:51:41 AM | SENT |
| Teresa Reeves | | treeves@wslawpc.com | 5/16/2024 10:51:41 AM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | Derek.Davis@cooperscully.com | 5/16/2024 10:51:41 AM | SENT |
| Clarissa Price | | Clarissa.Price@cooperscully.com | 5/16/2024 10:51:41 AM | SENT |
| Kim Denton | | Kim.Denton@cooperscully.com | 5/16/2024 10:51:41 AM | SENT |

# TAB NO. 8

Electronically Filed
5/17/2024 1:31 PM
District Clerk
Hood County, Texas

CAUSE NO. C2024120

| | | |
|---|---|---|
| DORIS BUFORD, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HOOD COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART INC., WIN-HOLT, | § | |
| CANNON EQUIPMENT, AND | § | |
| NATIONAL CART CO., | § | |
| | § | |
| *Defendants.* | § | 355TH JUDICIAL DISTRICT |

## DEFENDANT CANNON EQUIPMENT'S ORIGINAL ANSWER

Defendant Cannon Equipment (hereinafter "Defendant") files this its Original Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

## GENERAL DENIAL

1.      Defendant generally denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof at the same time of trial.

## AFFIRMATIVE DEFENSES

2.      Defendant affirmatively pleads that Plaintiff's claims are barred in whole or in part to the extent the negligent acts or omissions of Plaintiff caused or contributed to Plaintiff's alleged damages.

3.      Defendant affirmatively pleads that the damages complained of in this matter were brought about by new and independent causes and/or causes of action and, therefore, such new and independent causes became the immediate and/or effective cause or causes of the damages sustained, if any, and thus, any of the alleged negligent acts and/or omissions complained of against Defendant are wholly remote and not causative of the damages claimed.

Copy from re:SearchTX

4.      Defendant affirmatively pleads that Plaintiff's claims are barred in whole or in part because the alleged damages were caused by the negligent acts and/or omissions of other parties, including responsible third parties, over whom Defendant exercised no control and for whose acts and/or omissions Defendant cannot be held responsible.

5.      Defendant affirmatively asserts the doctrine of proportionate responsibility and comparative fault (as contained in Chapter 33 of the Texas Civil Practice and Remedies Code) to the extent that any other party or responsible third party is responsible wholly, or partially, for Plaintiff's alleged damages.

6.      Defendant affirmatively pleads that Plaintiff failed to properly mitigate any alleged damages.

7.      Defendant affirmatively asserts application of Texas Civil Practice and Remedies Code §18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss of contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal or state income taxes.

8.      Defendant affirmatively asserts the provisions of Texas Civil Practice and Remedies Code §41.0105 limiting Plaintiff's recovery of medical or health care expenses to amounts actually paid or incurred by Plaintiff or on Plaintiff's behalf.

9.      Defendant affirmatively plead the restrictions and limitations set forth in Section 41 of the Texas Civil Practice and Remedies Code, and Defendant intend to invoke the damage cap imposed thereunder in the unlikely event exemplary damages are awarded.

---

Copy from re:SearchTX

WHEREFORE, PREMISES CONSIDERED, Defendant Cannon Equipment prays that all the Plaintiff's claims and causes of action be dismissed with prejudice, that all relief requested by Plaintiff be denied, that Defendant recover all relief sought herein, that all costs be taxed against Plaintiff, and that Defendant be granted such other and further relief, at law or in equity, special or general, to which it is justly entitled.

Respectfully submitted,

WADDELL SERAFINO GEARY
  RECHNER JENEVEIN, P.C.

/s/ Barry L. Hardin
_____
**BARRY L. HARDIN**
State Bar No. 08961900
bhardin@wslawpc.com
**LINDA M. HADDAD**
State Bar No. 24086723
lhaddad@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 Telephone
214-979-7402 Facsimile

ATTORNEYS FOR DEFENDANT
CANNON EQUIPMENT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record via eFiling, on May 17, 2024.

/s/ Barry L. Hardin
_____
Barry L. Hardin

---

DEFENDANT CANNON EQUIPMENT'S ORIGINAL ANSWER        PAGE 3

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Teresa Reeves on behalf of Barry Hardin
Bar No. 8961900
treeves@wslawpc.com
Envelope ID: 87868757
Filing Code Description: Answer/ Response
Filing Description: Cannon Equipment's Original Answer
Status as of 5/17/2024 3:20 PM CST

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derek Davis | | Derek.Davis@cooperscully.com | 5/17/2024 1:31:04 PM | SENT |
| Clarissa Price | | Clarissa.Price@cooperscully.com | 5/17/2024 1:31:04 PM | SENT |
| Kim Denton | | Kim.Denton@cooperscully.com | 5/17/2024 1:31:04 PM | SENT |

Associated Case Party: Win-Holt

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Autna Mitchell | | almitchell@meaderslaw.com | 5/17/2024 1:31:04 PM | SENT |
| Meaders & Alfaro eservice | | efiling@meaderslaw.com | 5/17/2024 1:31:04 PM | SENT |
| Carrie GarciaSanders | | carrie.garciasanders@meaderslaw.com | 5/17/2024 1:31:04 PM | SENT |

Associated Case Party: Cannon Equipment

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry L Hardin | | bhardin@wslawpc.com | 5/17/2024 1:31:04 PM | SENT |
| Teresa Reeves | | treeves@wslawpc.com | 5/17/2024 1:31:04 PM | SENT |
| Linda Haddad | | lhaddad@wslawpc.com | 5/17/2024 1:31:04 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Eservice Cain Firm | | eservice@cainfirm.com | 5/17/2024 1:31:04 PM | SENT |
| Monica Luna | | mluna@cainfirm.com | 5/17/2024 1:31:04 PM | SENT |
| Rolando De La Garza | | rolando@cainfirm.com | 5/17/2024 1:31:04 PM | SENT |

# TAB NO. 9

**Electronically Filed**
5/17/2024 12:53 PM
District Clerk
Hood County, Texas

CAUSE NO. C2024120

| | |
|---|---|
| DORIS BUFORD | IN THE DISTRICTCOURT |
| Plaintiff, | |
| v. | 355TH JUDICIAL DISTRICT COURT, |
| WAL-MART STORES TEXAS, LLC, WALMART INC., WIN-HOLT, CANNON EQUIPTMENT, AND NATIONAL CART CO. | |
| Defendants. | HOOD COUNTY, TEXAS |

## DEFENDANT WIN-HOLT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

Defendant Win-Holt ("Defendant") files this its Original Answer and Special Exceptions to Plaintiff's ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

I.

### SPECIAL EXCEPTIONS

Defendant specially excepts to paragraph VIII (A) of Plaintiff's Original Petition. Specifically, Plaintiff claims "Defendants .... were negligent in one or more of the following particulars ...." Plaintiff lists an assortment of claims, none of which apply to this Defendant. This Defendant is entitled to know what Plaintiff is claiming are its acts of negligence alone, not together with another Defendant. These claims fail to give Defendant notice of the allegations against it. Defendant respectfully requests that this Court enter an Order sustaining this exception and requiring the Plaintiff to replead with specificity what acts and/or omissions that she alleges were committed by this Defendant, and that if Plaintiff fails to replead, that Plaintiff's general allegations of negligence be stricken in their entirety.

II.

This Defendant objects to Plaintiff's Original Petition as a whole to the extent that it refers generically to "Defendants" without identifying which of the five Defendants to which the

Copy from re:SearchTX

allegation refers. Defendant would request this Court enter an Order requiring the Plaintiff replead her petition in such a way to give fair notice concerning which Defendant specifically are implicated in each allegation. Defendant refers the Court specifically to paragraphs VII A & B, IX, and X of the Plaintiff's Original Petition.

III.

Defendant objects and specially excepts to Paragraph VII A of Plaintiff's Original Petition wherein Plaintiff alleges Defendants "were negligent in one or more of the following particulars," with a list of acts of omissions, none of which apply even remotely to this Defendant. Plaintiff's pleading fails to give Defendant fair notice of the allegations being made against it.

Specifically, this Defendant is a manufacturer. Plaintiff's Original Petition fails to state a claim against the cart manufacture on which to base a cause of action or liability. In addition, there is no allegation of a basis for which the manufacture of the cart would be vicariously liable for the negligence of others.

This negligence/ negligent activity/ premises liability claim is an inadequate allegation not recoverable in this suit under Texas Law and fail to state a claim for which relief can be granted. Defendant moves this Court to strike the same. Defendant respectfully requests that this Court enter an Order sustaining this exception and requiring the Plaintiff to replead with specificity what "acts and/or omissions" that she alleges were committed by this Defendant, and that if Plaintiff fails to replead, that Plaintiff's general allegations of negligence be stricken in their entirety.

IV.

Defendant objects and specially excepts to paragraph VIII B of Plaintiff's Original Petition for the reason that it asserts a claim for gross negligence yet fails to plead any facts or conduct by this Defendant which a claim for regular negligence, putting the cart before the horse. Defendant respectfully requests that this Court enter an Order sustaining this special exception and requiring

Copy from re:SearchTX

the Plaintiff to replead the specific acts of this Defendant which support a claim for negligence. Defendant further requests that if Plaintiff fails to replead, Plaintiff's allegations of gross negligence be stricken in their entirety.

V.

Defendant objects and specially excepts to Plaintiff's Petition for the reason that it asserts a claim for gross negligence yet fails to plead any facts or conduct by this Defendant which support such a claim. Defendant respectfully requests that this Court enter an Order sustaining this special exception and requiring the Plaintiff to replead the specific acts of this Defendant which support a claim for gross negligence. Defendant further requests that if Plaintiff fails to replead, Plaintiff's allegations of gross negligence be stricken in their entirety.

VI.

Defendant specially excepts to paragraph "XIII" of Plaintiff's Original Petition. Specifically, Plaintiff prays for "exemplary damages". However, this damage has not been pled for, as it not included in paragraph IX Damages. In addition, Plaintiff has not alleged any facts to support a claim for gross negligence. This prayer fails to give Defendant fair and reasonable notice of the damage claims being made, due to inconsistencies in the pleadings. Defendant moves this Court to strike the same.

VII.

<u>GENERAL DENIAL</u>

In accordance with Rule 92, Texas Rules of Civil Procedure, Defendant generally deny all allegations in Plaintiff's petition, and demands strict proof of every material issue of fact.

VIII.

<u>AFFIRMATIVE DEFENSES PROXIMATE CAUSE</u>

Defendant's acts or omissions were not the proximate cause of Plaintiff's injuries, as Plaintiff did not sustain injury from the occurrence in question.

Copy from re:SearchTX

IX.

## CONTRIBUTORY NEGLIGENCE- COMPARATIVE RESPONSIBILITY

Defendant would show that the negligence of the Plaintiff and/or one or more third parties and/or one or more Co-Defendants was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Pursuant to Chapter 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would show that Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third party and/or any Co-Defendant who/which caused, contributed or was responsible for this accident and the injuries and damages alleged by Plaintiff.

X.

## PAID OR INCURRED MEDICAL EXPENSES LIMITATION

Defendant specifically contends, in accordance with Texas Civil Practice and Remedies Code §41.0105, as interpreted by the Texas Supreme Court in *Aaron Glenn Haygood, Petitioner v. Margarita Garza De Escabedo, Respondent* (Tex. Sup. Ct. 2011), that recovery by Plaintiff of past medical or health care expenses, if any, that incurred in the accident identified in Plaintiff's Petition, and the relevant evidence of past medical and healthcare expenses, if any, that incurred in the accident identified in Plaintiff's Petition, is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiff.

XI.

## PRIOR OR SUBSEQUENT INJURIES

Some or all of Plaintiff's alleged injuries and damages are the result of pre-existing and/or subsequently occurring bodily injuries, ailments, conditions, or stressors unrelated to the incident that is the basis of this lawsuit.

**DEFENDANT WIN-HOLT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION – PAGE 4**

Copy from re:SearchTX

## XII.
## FAILURE TO MITIGATE DAMAGES

Defendant would show that Plaintiff failed to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating the injuries of Plaintiff, if any, that resulted from this accident and/or in failing to mitigate the damages, if any, of Plaintiff.

## XIII.
## DEFENDANT'S TEXAS RULES OF EVIDENCE 609(f) REQUEST

Defendant request that Plaintiff, pursuant to Texas Rules of Evidence 609(f), give Defendants sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## XIV.
## AUTHENTICATION

Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby serves notice that Plaintiff and/or Co-Defendants' production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial

## XV.
## JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a jury trial. The appropriate jury fee has been or will be paid to the clerk of the court within thirty (30) days in advance of the trial setting.

## XVI.
## DESIGNATED E-SERVICE MAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Texas Rules of Civil Procedure 21(f)(2) & 21(a). (Efiling@meaderslaw.com). This is the undersigned's only

**DEFENDANT WIN-HOLT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO**
**PLAINTIFF'S ORIGINAL PETITION – PAGE 5**

Copy from re:SearchTX

electronic service email address, and service through any other email address will be considered invalid.

PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that its Special Exceptions be set for hearing and granted in full, and upon final hearing of this cause, the Court enter judgment that Plaintiff takes, nothing of and from Defendant, assess costs and attorneys' fees against Plaintiff, and award Defendant all other and further relief, both general and special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

CARRIE L. GARCIA SANDERS
TX State Bar No. 24040948
MEADERS & ALFARO
ATTORNEYS AT LAW
5400 Lyndon B Johnson Fwy, Suite 710
Dallas, Texas 75240
Telephone: (214) 721-6210
Direct Dial: (214) 721-6245
Facsimile: (214) 721-6289
Email: Carrie.GarciaSanders@meaderslaw.com
Eservice: Efiling@meaderslaw.com

ATTORNEYS FOR DEFENDANT
WIN-HOLT

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record on the 17 May 2024 via eservice in accordance with the Texas Rules of Civil Procedure:

***<u>Via E-Service:  rolando@cainfirm.com</u>***
Rolando de la Garza
CAIN LAW FIRM, PC
301 Commerce Street, Suite 2395
Fort Worth, TX 75102
*Attorneys for Plaintiff, Doris Buford*


_____
CARRIE L. GARCIA SANDERS

Copy from re:SearchTX