IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DORIS BUFORD,** | § | |
| | § | |
|     **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | CIVIL ACTION NO. 4:24-CV-00474-O |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| **WALMART INC., WIN-HOLT,** | § | |
| **CANNON EQUIPMENT, AND** | § | |
| **NATIONAL CART CO.,** | § | |
| | § | |
|     **DEFENDANTS.** | § | |

**DEFENDANT CANNON EQUIPMENT'S ORIGINAL ANSWER
TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:**

COMES NOW, Defendant Cannon Equipment ("Defendant" or "Cannon"), and files this Original Answer to *Plaintiffs' First Amended Original Petition* filed on June 5, 2024 (the "First Amended Original Complaint") and would respectfully show the Court as follows:

## I.    <u>DISCOVERY CONTROL PLAN</u>

1.    First Amended Original Complaint paragraph 1 states a legal conclusion and does not contain allegations against Defendant and therefore no response is required. To the extent a response is required, Defendant specifically denies the allegations associated with the monetary relief sought and further lacks knowledge regarding the other allegations sufficient to form a belief as to the truth or accuracy of the allegations in this Paragraph and therefore denies same.

## II.     JURY TRIAL

2. First Amended Original Complaint Paragraph 2 does not contain any allegations against Defendant and therefore no response is required. To the extent a response is required, Defendant specifically denies the allegations associated with the monetary relief sought and further lacks knowledge regarding the other allegations sufficient to form a belief as to the truth or accuracy of the allegations in this Paragraph and therefore denies same.

## III.    RULE 47 PLEADING REQUIREMENTS

3. Without admitting liability and expressly denying same, Defendant admits the allegations in First Amended Original Complaint Paragraph 3.

## IV.     PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 7.

8. Without admitting liability and expressly denying same, Defendant admits the allegations in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 9.

## V. ASSUMED NAMES, AGENTS, AND EMPLOYEES

10. First Amended Original Complaint Paragraph 10 states a legal conclusion to which no response is required. However, Defendant denies the allegations of paragraph 10.

11. First Amended Original Complaint Paragraph 11 states a legal conclusion to which no response is required. However, Defendant denies the allegations of Paragraph 11.

## VI. JURISDICTION AND VENUE

12. Plaintiff's First Amended Original Complaint Paragraph 12 states a legal conclusion to which no response is required. Moreover, Defendant Wal-Mart has removed this matter to federal court based upon diversity jurisdiction. Defendant admits that venue is proper in the Fort Worth Division of the United States District Court for the Northern District of Texas.

13. Plaintiff's First Amended Original Complaint Paragraph 13 states a legal conclusion to which no response is required. Moreover, Defendant Wal-Mart has removed this matter to federal court based upon diversity jurisdiction. Defendant admits that venue is proper in the Fort Worth Division of the United States District Court for the Northern District of Texas.

## VII. FACTS

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 14, and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 15, and therefore denies same.

## VIII. CAUSES OF ACTION

**A. COUNT I. NEGLIGENCE (NEGLIGENT ACTIVITY) – DEFENDANT WAL-MART STORES TEXAS, LLC**

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 16, and therefore denies same.

**B. COUNT II. NEGLIGENCE (NEGLIGENT PRODUCTS LIABILITY) – DEFENDANTS WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.**

17. Defendant denies all allegations against Cannon in the First Amended Original Complaint Paragraph 17. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations against Win-Holt and National Cart in First Amended Original Complaint Paragraph 17, and therefore denies same.

18. Defendant denies all allegations against Cannon in the First Amended Original Complaint Paragraph 18. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations against Win-Holt and National Cart in First Amended Original Complaint Paragraph 18, and therefore denies same.

19. Defendant denies all allegations in the First Amended Original Complaint Paragraph 19.

20. Defendant denies all allegations against Cannon in the First Amended Original Complaint Paragraph 20. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations against Win-Holt and National Cart in the First Amended Original Complaint Paragraph 20. Similarly,

   a. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.a.

   b. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.b.

   c. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.c.

   d. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.d.

   e. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.e.

    f. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.f.

    g. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.g.

    h. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.h.

    i. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.i.

    j. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.j.

    k. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.k.

    l. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.l.

    m. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.m.

    n. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.n.

    o. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.o.

    p. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.p.

    q. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.q.

    r. Defendant denies all allegations in First Amended Original Complaint Paragraph 20.r.

21. Defendant denies all allegations in Paragraph 21 of First Amended Original Complaint.

### C. COUNT III. STRICT LIABILITY – DEFENDANTS WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.

22. Defendant denies all allegations in Paragraph 22 of First Amended Original Complaint.

23. Defendant denies all allegations in Paragraph 23 of First Amended Original Complaint.

24. Defendant denies all allegations in Paragraph 24 of First Amended Original Complaint.

### D. GROSS NEGLIGENCE – DEFENDANTS WAL-MART STORES TEXAS, LLC, WALMART INC., WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.

25. Defendant denies all allegations in Paragraph 25 of First Amended Original Complaint.

## IX.     JOINT AND SEVERAL LIABILITY

26. First Amended Original Complaint Paragraph 26 states a legal conclusion to which no response is required, and therefore denies same.

## X.     ALTERNATIVE LIABILITY: CART DEFENDANTS

27. First Amended Original Complaint Paragraph 27 states a legal conclusion to which no response is required, and therefore denies same.

## XI.     DAMAGES

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 28, and denies same including all subparts.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Original Complaint Paragraph 29.

### XII.   AGGRAVATION

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 30, and therefore denies same.

### XIII.   U.S. LIFE TABLES

31. First Amended Original Complaint paragraph 31 states a legal conclusion to which no response is required. Moreover, as this matter has been removed to federal court, the Federal Rules of Civil Procedure shall now apply to this matter.

### XIV.   INTENT TO USE DEFENDANTS' DOCUMENTS

32. First Amended Original Complaint Paragraph 32 states a legal conclusion to which no response is required. Moreover, as this matter has been removed to federal court, the Federal Rules of Civil Procedure shall now apply to this matter.

### XV.   RELIEF SOUGHT

33. First Amended Original Complaint Paragraph 33 states a legal conclusion to which no response is required.

34. First Amended Original Complaint Paragraph 34 states a legal conclusion to which no response is required.

### XVI.   DEFENDANT'S AFFIRMATIVE DEFENSES

35. Plaintiff's First Amended Original Complaint fails to state a claim upon which relief can be granted.

36. Defendant denies that its agents and/or employees committed any error, omission, or negligent act.

37. Plaintiff's alleged injuries and damages, if any, were the result of Plaintiff's own negligence, carelessness, inattention, or otherwise wrongful and unsafe acts; therefore, judgment

should be entered in favor of Defendant or, in the alternative, Plaintiff's alleged damages should be lowered by the degree of Plaintiff's own negligence, fault, or responsibility.

38.     If there is any actionable liability of Defendant Cannon, the existence of which is specifically denied, such liability should be compared to and reduced by the fault of the Plaintiff, and/or all persons or entities who contributed to the alleged injury or damage to persons or property, tangible or intangible, regardless of whether the person or entity has or could have been named as a party to this action. Defendant affirmatively asserts that any liability must be allocated against Defendant in direct proportion to the fault attributed to Defendant.

39.     Plaintiff's damages, if any, were the result of an open and obvious risk of which Plaintiff was or should have been aware and, accordingly, Plaintiff's claims are barred.

40.     Plaintiff's claims are barred or subject to reduction under the doctrine of comparative negligence and/or contributory negligence, taking into account the comparative fault of Plaintiffs, other defendants, and any third parties. Pursuant to Chapter 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would show that Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff who/which caused, contributed or was responsible for this accident and the injuries and damages alleged by Plaintiff.

41.     Some or all of Plaintiff's alleged injuries and damages are the result of pre-existing and/or subsequently occurring bodily injuries, ailments, conditions, or stressors unrelated to the incident that is the basis of this lawsuit.

42.     Defendant would show that Plaintiff failed to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating the injuries of

Plaintiff, if any, that resulted from this accident and/or in failing to mitigate the damages, if any, of Plaintiff.

43. Plaintiff's claims are barred because any damages suffered by Plaintiff, which Defendant specifically denies, were proximately caused by third parties not under the control of Defendant.

44. Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant were the actual or proximate cause of the incident or the alleged injuries and damages sustained by Plaintiff, if any.

45. Plaintiff's claims are barred in whole or in part to the extent the negligent acts or omissions of Plaintiff caused or contributed to Plaintiff's alleged damages.

46. If Plaintiff suffered damages as a result of the allegations set forth in Plaintiff's First Amended Original Complaint, then the incident, injuries and damages were not sustained by reason of the conduct of Defendant, but rather were the result of acts or omissions of third parties over which Defendant had no control nor right of control and/or were the result of intervening and superseding acts or omissions of others, for which Defendant can in no way be held liable.

47. Defendant specifically contends, in accordance with Texas Civil Practice and Remedies Code §41.0105, as interpreted by the Texas Supreme Court in *Haygood v. De Escabedo,* 356 S.W.3d 390, 391 (Tex. 2011), that recovery by Plaintiff of past medical or health care expenses, if any, that incurred in the accident identified in Plaintiff's Petition, and the relevant evidence of past medical and healthcare expenses, if any, that incurred in the accident identified in Plaintiff's Petition, is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiff.

48. Defendant seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against Defendant in connection with this lawsuit.

49. Plaintiff's prayer for punitive and/or exemplary damages violates the U.S. Constitution's Eighth Amendment prohibition of the imposition of excessive fines and penalties. the imposition of exemplary damages against Defendant would be fundamentally unfair as any award of exemplary damages would be arbitrary, unreasonable, excessive and in violation of Defendant's right to due process of law and equal protection under the law under the Fifth, Eight, and Fourteenth Amendments of the United States Constitution, and Article 1, §3, 13 and 19, of the Texas Constitution. While stating that Defendant as a matter of law cannot be liable herein for exemplary or punitive damages, in the unlikely event such damages are assessed, they are subject to statutory provisions, limitations, and caps set forth in Texas Civil Practice and Remedies Code Chapter 41.

50. The claim for punitive damages in Plaintiff's First Amended Original Complaint is without support in either the law or facts and is made wantonly and without cause solely for the purpose of harassment and intimidation.

51. Defendant further asserts the defense of mitigation of damages in response to the claim for gross negligence and exemplary damages.

52. Should there be any material allegation(s) which Defendant has not denied herein, and which would adversely affect its rights, Defendant here and now denies same and demands strict proof thereof at the time of trial.

53. Defendant reserves the right to amend its answer and affirmative defenses if investigation, discovery, or additional information warrants an amendment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Cannon Equipment prays that Plaintiff take nothing by way of Plaintiff's First Amended Original Complaint and that judgment be entered in Defendant Cannon Equipment's favor and any additional relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Linda M. Haddad*
**BARRY L. HARDIN**
Texas Bar No. 08961900
Email: bhardin@wslawpc.com
**LINDA M. HADDAD**
Texas Bar No. 24086743
Email: lhaddad@wslawpc.com
**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
1717 Main Street, 25th Floor
Dallas, Texas 75201
(214) 979-7400 – Telephone
(214) 979-7402 – Facsimile

**ATTORNEYS FOR DEFENDANT CANNON EQUIPMENT**

## CERTIFICATE OF SERVICE

On September 25, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system. I hereby certify that I have served a true and correct copy of the foregoing document on all counsel of record electronically or by another manner authorized by Federal Rule of civil Procedure 5(b)(2).

*/s/ Linda M. Haddad*
**LINDA M. HADDAD**
