IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DORIS BUFORD, | § § | |
| PLAINTIFF, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:24-cv-00474-O |
| WAL-MART STORES TEXAS, LLC, WALMART INC., WIN-HOLT, CANNON EQUIPMENT, AND NATIONAL CART CO., | § § § § § | |
| DEFENDANTS. | § | |

**DEFENDANT WAL-MART STORES TEXAS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

**COMES NOW**, WAL-MART STORES TEXAS, LLC (incorrectly named Walmart Inc.) ("Defendant"), in the above-styled and numbered cause, hereby files this Answer to Plaintiff's First Amended Original Petition, and in support hereof would respectfully show unto the Court the following:

**I.**
**DISCOVERY CONTROL PLAN**

1.      Defendant denies the allegations contained in section one paragraph one of Plaintiff's Complaint.  Discovery will be conducted under the FEDERAL RULES OF CIVIL PROCEDURE.

**II.**
**JURY TRIAL**

2.      In response to the allegations contained in section two paragraph one, Defendant also demands a trial by jury.

## III.
## RULE 47 PLEADING REQUIREMENT

3.      Defendant denies the allegations contained in section three paragraph one of Plaintiff's Complaint and demands strict proof thereof.

## IV.
## PARTIES

4.      Defendant admits Plaintiff is an individual residing in Granbury, Hood County, Texas as identified in section four paragraph one of Plaintiff's Complaint.

5.      Defendant admits it is a Delaware Corporation as stated in section four paragraph two of Plaintiff's Complaint.

6.      Defendant denies the allegations contained in section four paragraph three of Plaintiff's Complaint. Walmart Inc. is not a proper party to this lawsuit.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section four paragraph four of Plaintiff's Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section four paragraph five of Plaintiff's Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section four paragraph six of Plaintiff's Complaint.

## V.
## ASSUMED NAMES, AGENTS, AND EMPLOYEES

10.      Section five paragraph one of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section five paragraph one of Plaintiff's Complaint.

11.    Section five paragraph two of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies the allegations contained in section five paragraph one of Plaintiff's Complaint

## VI.
## JURISDICTION AND VENUE

12.    Defendant admits jurisdiction is appropriate in the United States District Court for the Northern District of Texas Fort Worth Division.

13.    Defendant denies the allegations in section six paragraph two of Plaintiff's Complaint. Jurisdiction is appropriate in the United States District Court for the Northern District of Texas Fort Worth Division where this case is currently pending.

## VII.
## FACTS

14.    Defendant admits the allegations in section seven paragraph one of Plaintiff's Complaint.

15.    Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section seven paragraph two of Plaintiff's Complaint

## VIII.
## CAUSES OF ACTION

A.    **COUNT I. NEGLIGENCE (NEGLIGENT ACTIVITY) - DEFENDANT WAL-MART STORES TEXAS, LLC**

16.    Defendant denies the allegations contained in section eight paragraph one of Plaintiff's Complaint.

B.    **COUNT II. NEGLIGENCE (PRODUCTS LIABILITY) - DEFENDANTS WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.**

17.    Defendant lacks information to admit or deny the allegations contained in section eight paragraph two of Plaintiff's Complaint.

18.     Defendant lacks information to admit or deny the allegations contained in section eight paragraph three of Plaintiff's Complaint.

19.     Defendant lacks information to admit or deny the allegations contained in section eight paragraph four of Plaintiff's Complaint.

20.     Defendant lacks information to admit or deny the allegations contained in section eight paragraph five of Plaintiff's Complaint.

21.     Defendant lacks information to admit or deny the allegations contained in section eight paragraph six of Plaintiff's Complaint

**C.     COUNT III. STRICT LIABILITY – DEFENDANTS WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.**

22.     Defendant lacks information to admit or deny the allegations contained in section eight paragraph seven of Plaintiff's Complaint.

23.     Defendant lacks information to admit or deny the allegations contained in section eight paragraph eight of Plaintiff's Complaint.

24.     Defendant lacks information to admit or deny the allegations contained in section eight paragraph nine of Plaintiff's Complaint.

**D.     GROSS NEGLIGENCE - DEFENDANTS WAL-MART STORES TEXAS, LLC, WALMART INC., WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.**

25.     Defendant denies the allegations contained in section eight paragraph ten of Plaintiff's Complaint

**IX.**
**JOINT AND SEVERAL LIABILITY**

26.     Defendant denies the allegations contained in section nine paragraph one of Plaintiff's Complaint.

**X.**
**ALTERNATIVE LIABILITY: CART-DEFENDANTS**

27.    Defendant denies the allegations contained in section ten paragraph one of Plaintiff's Complaint

**XI.**
**DAMAGES**

28.    Defendant denies the allegations contained in section eleven paragraph one of Plaintiff's Complaint.

29.    Defendant denies the allegations contained in section eleven paragraph two of Plaintiff's Complaint.

**XII.**
**AGGRAVATION**

30.    Defendant denies the allegations contained in section twelve paragraph one of Plaintiff's Complaint.

**XIII.**
**U.S. LIFE TABLES**

31.    Defendant denies the U.S. Life Tables are relevant for use in this matter. Defendant also denies the Texas Rules of Evidence are applicable in this case. Defendant will follow the FEDERAL RULES OF EVIDENCE as those are the rules applicable to this case.

**XIV.**
**INTENT TO USE DEFENDANTS' DOCUMENTS**

32.    Defendant denies the allegations contained in section fourteen paragraph one of Plaintiff's Complaint. Defendant will follow the FEDERAL RULES OF EVIDENCE as those are the rules applicable to this case.

## XV.
## RELIEF SOUGHT

33.    Defendant denies the allegations contained in the Relief Sought section of Plaintiff's Complaint.

## XVI
## AFFIRMATIVE DEFENSES

34.    Defendant affirmatively pleads and requests Plaintiff to prove her loss of earning and/or loss of earning capacity in the form which represents her net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id.* Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

35.    Pleading further, and without waiving the foregoing, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

36.    Pleading further, and without waiving the foregoing, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to her medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

37.    Pleading further, and without waiving the foregoing, Defendant asserts the doctrine of proportionate responsibility which may bar any recovery by Plaintiff, or may in the alternative, reduces the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

38.    Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including pre-existing conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

39.    Pleading further, and in the affirmative, Defendant invokes § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

40.    Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

41.    Pleading further, and without waiving the foregoing, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

42.    Defendant alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of its Answer, including to conform to proof at trial.

## XVII.
## <u>RESERVATION OF RIGHTS</u>

43.    Defendant reserves all other defenses under Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE and any other defenses at law or in equity that may exist now or in the future based upon discovery and further factual investigation in this case.

## XVIII.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that Plaintiff have and recover nothing by this suit; that all relief requested by Plaintiff be denied. Defendant further prays for such other and further relief, both general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: */s/ Derek S. Davis*
    **DEREK S. DAVIS**
    Texas Bar No. 00793591
    Email: Derek.Davis@CooperScully.com
    **CLARISSA A. PRICE**
    Texas Bar No. 24082450
    Email: Clarissa.Price@cooperscully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September 2024, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service.

    */s/ Derek S. Davis*
    **CLARISSA A. PRICE**